UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

THE MILLER LAW FIRM, P.C.,

    Plaintiff,

vs.

CASE NO. 12-14951

HON. GEORGE CARAM STEEH

CARNEY WILLIAM BATES
BOZEMAN & PULLIAM, PLLC;
and GOLOMB & HONIK, P.C.,

    Defendants.
_____/

### ORDER DENYING DEFENDANTS' MOTION TO DISMISS (DOC. # 6) AND GRANTING THE PARTIES' MOTIONS TO COMPEL ARBITRATION (DOCS. ## 3, 4)

#### INTRODUCTION

In this case plaintiff alleges that the two defendant law firms breached a Co-Counsel Agreement, under which a number of law firms agreed to collaborate on "payment protection plan" litigation against issuers of credit cards. That Agreement contained an arbitration provision. Defendants have moved to dismiss and to compel arbitration. Plaintiff has also moved to compel arbitration. A hearing was conducted on February 25, 2013. At the hearing the court indicated it would deny the motion to dismiss but grant the motions to compel arbitration. The court's reasoning follows.

#### BACKGROUND

The following factual background is alleged in plaintiff's complaint. Plaintiff, the Miller Law Firm ("Miller") in Rochester, Michigan, and the two defendant law firms (located in Little Rock, AR and Philadelphia, PA, respectively), among others, initially

executed a "Co-Counsel Agreement" ("Agreement") in September 2010.  Under that Agreement the parties agreed to jointly prosecute putative class action lawsuits involving credit card payment protection insurance.  An amended agreement containing an arbitration provision was executed in early 2011.

Miller states that it filed one such action in the Eastern District of Michigan on behalf of one of its clients asserting various payment protection claims.  Defendants are alleged to have filed a number of similar cases, including one against JPMorgan Chase.  Miller states that the Chase lawsuit was "part of the parties' joint venture, was not excluded by the Co-Counsel Agreement, and was expressly discussed on conference calls among the parties to the Co-Counsel Agreement."  Miller asserts that it contributed $10,000 to a litigation fund for the undertaking contemplated by the Agreement and that it took on all the work assignments it was asked to perform.  Miller further alleges that it "repeatedly" asked the defendant law firms about additional work assignments.

Miller alleges that it performed work on a number of payment protection plan cases, and that all such work was "done for the benefit of all joint venture cases," and that "all fees received by any of the parties to the Co-Counsel Agreement in any of the cases were to be allocated among all the parties regardless of which case they were awarded in."  Complaint at ¶ 12.

The complaint further asserts that defendants later "falsely" claimed that the venture was unsuccessful, and gave Miller only $5,000 for its "contribution to the joint effort," on top of a refund of Miller's initial $10,000 litigation fund investment.  Subsequently, Miller discovered that the Chase lawsuit had settled, netting over $3.5 million in fees for the defendants.

Despite the existence of an arbitration provision in the Agreement, Miller filed suit in November 2012, alleging breach of contract and breach of fiduciary duty, and requesting relief in the form of disgorgement of the monies received by defendants as a result of the Chase settlement. The matter was jointly removed by defendants from Wayne County Circuit Court on the basis of diversity. In the notice of removal, defendants noted that they did not consent to personal jurisdiction in the State of Michigan.

Now before the court are three pending motions: (1) Defendants' Motion to Dismiss; (2) Defendants' Motion to Compel Arbitration; and (3) Plaintiff's Motion to Compel Arbitration, discussed below.

## DISCUSSION

Defendants' Motion to Dismiss

Defendants urge the court to dismiss Miller's complaint for failure to state a claim of breach of contract or breach of fiduciary duty. Defendants first assert that Miller's failure to attach the allegedly breached contract violates Michigan procedural rules, and because this action was first filed in Michigan state court, requires dismissal of those claims. Defendants also point out that Miller repeatedly cites to a "September 20, 2010 Agreement," when that Agreement was superseded by an agreement signed and dated January 27, 2011 (which, unlike the September Agreement, contained an arbitration provision).

Next, defendants contend that Miller has failed to provide sufficient factual support for its claims. Specifically, defendants point to Miller's allegation that it deserved to share in the proceeds resulting from the Chase lawsuit's settlement without

any citation to a provision in either of the agreements that would govern such allocation. Defendants also highlight the fact that Miller does not allege that it actually performed work on the Chase lawsuit. Defendants quote from the January Agreement, providing that defendants would serve as lead counsel in several "payment protection plan" lawsuits filed around the country. The January Agreement then provided that Miller, along with other law firms around the country, would contribute various resources to the litigation and undertake case assignments made by defendants. It further provided that if the efforts proved successful, defendants would distribute fees based on factors including time records, lodestar, value added, risk undertaken, benefits achieved, complexity of issues, effort, leadership, case development, and the like. Defendants assert that Miller has not alleged satisfaction of a single factor and that dismissal is appropriate on this basis.[1]

The court will not dismiss the case on the basis that Miller failed to attach the Agreement in violation of applicable Michigan procedural rules at the time of filing the complaint in state court.[2] Furthermore, it appears to the court that the Agreement may support a more global interpretation than that of defendants; additionally, the court notes that plaintiff alleges failure to share work and fees for cases generally, not only

---

[1] Defendants also convincingly assert that an agreement to share revenue does not create a fiduciary relationship and that Miller has failed to state a claim of breach of fiduciary duty.

[2] For the reason that the Co-Counsel Agreement is central to the plaintiff's claims, and referred to throughout the complaint, the court finds no need to convert this motion to one for summary judgment. See Rondigo, L.L.C. v. Twp. of Richmond, 641 F.3d 673, 680-81 (6th Cir. 2011) (citing Bassett v. Nat'l Collegiate Athletic Ass'n, 528 F.3d 426, 430 (6th Cir. 2008).

the Chase litigation.[3]  Moreover, defendants appear to concede that such fees may be forthcoming in other cases.  Dismissal on the grounds argued by defendants is not appropriate.

Motions to Compel Arbitration

Both Miller and the defendant law firms have filed motions to compel arbitration. The defendant law firms' motion simply asserts that Miller's complaint should be dismissed and this court should order arbitration of the dispute.  Miller, now acknowledging the arbitration provision in the 2011 Agreement, requests arbitration along with specific implementation procedures.

The Agreement's arbitration provision states, in pertinent part:

> If, after good-faith efforts, Counsel are unable to resolve their dispute informally or through mediation, the dispute will be settled by binding arbitration, whose decision shall be final and binding.  Counsel agree to jointly share the cost of any dispute resolution proceedings.

Co-Counsel Agreement at ¶ 14.   In Miller's motion, it states that it has attempted to come to an agreement with defendants on the procedures (venue, selection of arbitrator, etc.) for arbitration without success.  Miller points to § 5 of the Federal Arbitration Act, which addresses the role of the court in such a dispute:

> If in the agreement provision be made for a method of naming or appointing an arbitrator or arbitrators or an umpire, such method shall be followed; but if no method be provided therein, or if a method be provided and any party thereto shall fail to avail himself of such method, or if for any

---

[3]The court notes defendants' statement that Miller "did not perform any work on behalf of the Chase class or otherwise attributable to that settlement.  Plaintiff Miller has subsequently presented billable hours to Lead Counsel related to the Payment Protection Litigation, and indeed there are cases remaining against four defendant credit card issuers for which fees are expected (or potentially available) in the future."

> other reason there shall be a lapse in the naming of an arbitrator or arbitrators or umpire, or in filling a vacancy, then upon the application of either party to the controversy the court shall designate and appoint an arbitrator or arbitrators or umpire, as the case may require, who shall act under the said agreement with the same force and effect as if he or they had been specifically named therein; and unless otherwise provided in the agreement the arbitration shall be by a single arbitrator.

9 U.S.C. § 5.

Miller next contends that the arbitration should take place in Michigan pursuant to § 4 of the Federal Arbitration Act. This section of the Act states that "[t]he hearing and proceedings, under such [agreement to arbitrate], shall be within the district in which the petition for an order directing such arbitration is filed." 9 U.S.C. § 4.[4] Miller also points to Sixth Circuit precedent holding that "the Federal Arbitration Act prevents federal courts from compelling arbitration outside of their own district." Inland Bulk Transfer Co. v. Cummins Engine Co., 332 F.3d 1007, 1018 (6th Cir. 2003). Miller further asserts that a stay of the action pending arbitration is proper here, where no arbitration rules or procedures were set forth in the Agreement. That way, Miller states, the court will have jurisdiction to enforce subpoenas under § 7 of the FAA, or enforce other FAA procedures during the pendency of the arbitration. Finally, Miller requests that the court

---

[4] Miller contends, apparently in response to the defendants' statement on their removal notice concerning personal jurisdiction, that this court has personal jurisdiction over the Arkansas and Pennsylvania law firms. Miller states it was solicited by the defendants to join the venture in Michigan. Miller also points out that the defendants directed it to file a lawsuit in this district (Driscol v. Citigroup, Inc., Case No. 10-13205), that the Agreement contemplated that the defendant law firms would be admitted *pro hac vice* in that case, and that the defendant law firms corresponded in writing, email, and over the telephone with Miller in connection with the "joint venture cases." Finally, Miller points to several other cases and instances where the defendant law firms have appeared in this district and/or Michigan state court. As Miller contends, personal jurisdiction does not seem to be an issue here, and defendants have not seriously pursued an argument that it is lacking.

appoint an arbitrator with class action experience. Finding the bulk of Miller's requests to be appropriate here, the court will grant the motions to compel as set forth below.

## CONCLUSION

As stated above and on the record, the defendants' motion to dismiss the complaint is **DENIED**. The parties' motions to compel arbitration are **GRANTED**. The court is in agreement with Miller that arbitration should occur in this district, where both parties filed their petitions to compel arbitration. The parties have two weeks from the date of this order to agree on an arbitrator or submit a list of proposed arbitrators, and the court will consider those proposals in making its decision on an appointment. The case shall be stayed and administratively **CLOSED** upon the court's appointment of an arbitrator; however, the parties hereto may request that the court reopen the matter as necessary without the payment of any additional fees or costs.

**IT IS SO ORDERED**.

Dated: February 26, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 26, 2013, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk